IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACK ORLANDO, MARY ORLANDO and JOHN AMADOR, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-1402 |
| FIRST GUARANTY MORTGAGE CORPORATION and ROUNDPOINT MORTGAGE SERVICING CORPORATION, | § § § § § § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendants RoundPoint Mortgage Servicing Corporation ("*RoundPoint*") and First Guaranty Mortgage Corporation ("*First Guaranty*") give notice of the removal of the state court civil action described below pursuant to 28 U.S.C. §§ 1331 and 1332. As grounds for the removal, RoundPoint and First Guaranty respectfully state the following:

## I.
## INTRODUCTION

1.  On April 3, 2017, Plaintiffs filed an Original Petition, Application for Temporary Restraining Order, Temporary Injunction, and Request for Disclosures (the "*Complaint*"), styled Cause No. 2017-22484, *Jack Orlando, Mary Orlando and John Amador v. First Guaranty Mortgage Corporation and RoundPoint Mortgage Servicing Corporation*, in the 11th Judicial District Court of Harris County, Texas.

2.  In the Complaint, Plaintiffs seek to prevent RoundPoint and First Guaranty from foreclosing on the real property located at 11006 Harston Drive, Tomball, Texas 77375 (the

547297.1

"***Property***"), claiming that after they were in default on the terms of the Note and Deed of Trust encumbering the Property, RoundPoint failed to provide them a Notice of Default or Notice of Acceleration.[1] Plaintiffs further allege that even if the loan was properly accelerated, RoundPoint cannot foreclose because it abandoned acceleration by demanding an amount less than the full loan amount in a monthly mortgage statement.[2] Plaintiffs also allege violations of the Real Estate Settlement Procedures Act ("***RESPA***").[3] Plaintiffs seek a declaratory judgment stating that RoundPoint and First Guaranty cannot foreclose on the Property.[4] Plaintiffs also assert claims for suit to remove cloud and quiet title.[5] Plaintiffs seek a temporary restraining order, temporary injunction, and permanent injunction prohibiting foreclosure of the Property, as well as actual, statutory, treble, and exemplary damages, attorneys' fees, prejudgment and post-judgment interest, and costs of suit.[6]

## II.
## TIMELINESS OF REMOVAL

3.   RoundPoint and First Guaranty were served with the Complaint on April 7, 2017. This removal is filed within thirty days of service of process and is therefore timely.

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4.   This Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as the parties are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.[7]

---

[1] Complaint at ¶¶ 17-18..
[2] *Id.* at ¶¶ 19-21.
[3] *Id.* at ¶ 22.
[4] *Id.* at ¶¶ 23-26.
[5] *Id.* at ¶¶ 27-30.
[6] *Id.* at ¶ 10.
[7] 28 U.S.C. § 1332.

*A.     Complete Diversity Exists.*

5.      Complete diversity exists because Plaintiffs are citizens of different state than RoundPoint and First Guaranty.

6.      Plaintiffs are Texas citizens.

7.      RoundPoint is a corporation incorporated in Florida, with its principal place of business in Charlotte, North Carolina. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[8] Therefore, for diversity purposes, RoundPoint is a citizen of Florida and North Carolina.

8.      First Guaranty is a corporation chartered in the State of Virginia with its principal place of business in Virginia. Accordingly, for diversity purposes, First Guaranty is a citizen of Virginia. The parties are completely diverse as required by 28 U.S.C. § 1332(a).

*B.     The Amount in Controversy Exceeds $75,000.00.*

9.      Plaintiffs seek monetary relief of $100,000.00 or less and injunctive relief to prevent foreclosure of the Property.[9] When a plaintiff seeks injunctive relief such as this, the amount in controversy is measured by the value of the object of the litigation.[10] When the object of a mortgagor's litigation is the protection of his entire property, the fair market value of the property is the proper measure of the amount in controversy.[11] Here, the value of the Property is at least $176,737.00.[12] Therefore, based on the amount of relief sought in the Complaint and the value of the injunctive relief sought, the amount in controversy exceeds $75,000.00.

---

[8] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).
[9] Complaint at ¶ 31, 36, 39-43.
[10] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[11] *Id.*
[12] *See* Harris County Appraisal District Summary, attached as **Exhibit B**. It is appropriate for the Court to take judicial notice of the Harris County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source – the Harris County Tax Appraisal District – cannot reasonably be questioned. *See Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 1414978 at n.4 (S.D. Tex. Apr. 23, 2012).

## IV.
## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

10. Additionally, removal is proper because this case is a civil action involving a federal question. Plaintiffs assert claims for violations of RESPA, which is promulgated under 12 U.S.C. 2601, *et seq.*, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over Plaintiffs' other claims because they are part of the same case or controversy as their claims for relief under RESPA.[13]

## V.
## ADDITIONAL REQUIREMENTS

12. Venue for case is proper in the U.S. District Court for the Southern District of Texas, Houston Division, because this district and division include Harris County, Texas – the location of the pending state court action.

13. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action are attached hereto marked as **Exhibit A** and incorporated herein by reference.

14. Counsel for RoundPoint and First Guaranty will provide written Notice of Removal to Plaintiffs and file it with the District Clerk of Harris County, Texas.

15. Counsel for RoundPoint and First Guaranty is signing this Notice of Removal pursuant to Federal Rule of Civil Procedure 11.[14]

16. In the event Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, RoundPoint and First Guaranty respectfully request the opportunity to submit additional argument and evidence in support of removal as may be necessary.

---

[13] *See* 28 U.S.C. § 1367(a).
[14] *See* 28 U.S.C. § 1446(a).

17.     Plaintiffs demanded a jury trial in their Complaint.

Having satisfied the requirements for removal, RoundPoint and First Guaranty give notice that Case No. 2017-22484, originally filed in the 11th Judicial District Court of Harris County, Texas, has been removed to this Court.

Respectfully submitted,

**McGLINCHEY STAFFORD**

By:   */s/ Amanda Laviage*
    **EMILY G. STROOPE**
    State Bar No. 24070692
    6688 N. Central Expressway, Ste. 400
    Dallas, Texas 75206
    Telephone: (214) 445-2436
    Facsimile: (214) 582-9495
    estroope@mcglinchey.com
    **AMANDA R. LAVIAGE**
    State Bar No. 24102067
    Federal Bar No. 2987005
    1001 McKinney, Suite 1500
    Houston, TX 77002
    Telephone:  (713) 520-1900
    Facsimile:  (713) 520-1025
    alaviage@mcglinchey.com

*Attorneys for Defendants RoundPoint Mortgage Servicing Corporation and First Guaranty Mortgage Corporation*

## **CERTIFICATE OF SERVICE**

    I certify that a correct copy of the foregoing has been forwarded in accordance with the Federal Rules of Civil Procedure on this 5th day of May, 2017 as follows:

*Via CM/ECF*
Chip Lane
Anh Thu Dinh
The Lane Law Firm, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036

*Attorneys for Plaintiffs*

                                    */s/ Amanda R. Laviage*_____
                                    Amanda R. Laviage